## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUN EDGAR KOONTZ<br>172 Parkview Circle<br>Grantsville, MD 21536<br><br>JOHN PIERCE<br>7808 Wise Lane<br>Knoxville, TN 37920<br><br>PHYLLIS WELSH<br>9 66th Street<br>South Haven, MI 49090<br><br>FRANK BAXTER<br>7905 East Farm Road 174<br>Rogersville, MO 65742<br><br>ROBERT HOFFMAN, JR.<br>705 Columbia Avenue<br>Lake Waccamaw, NC 28450<br><br>HARRY HOOTS, JR.<br>861 Tracy Grove Road<br>Flat Rock, NC 28731<br><br>ESTATE OF KENNETH WADE, SR.<br>1041 Christian Court<br>Watkinsville, GA 30677<br><br>GEORGE CARPENTER<br>3910 East Bellevue Hwy<br>Eaton Rapids, MI 48827<br><br>        Plaintiffs,<br><br>   v.<br><br>SYNGENTA CROP PROTECTION, LLC<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>CHEVRON U.S.A. INC.<br>6001 Bollinger Canyon Road D1248<br>San Ramon, CA 94583 | Civil Action No. _____<br><br>**(Formerly Case ID No. 220102344, Court of<br>Common Pleas Philadelphia County)** |

FMC CORPORATION
2929 Walnut Street
Philadelphia, PA 19104

                    Defendants.

## NOTICE OF REMOVAL

Defendant Chevron U.S.A. Inc. ("Chevron") pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1367, hereby removes the above-captioned action from the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Case ID No. 220102344, to the United States District Court for the Eastern District of Pennsylvania.  In support of removal, Chevron provides this "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

## NATURE OF REMOVED ACTION

1.      On January 27, 2022, Plaintiffs filed this action, *Shaun Edgar Koontz et al. v. Syngenta Crop Protection LLC et al.*, in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Case ID No. 220102344, alleging claims based upon exposure to unspecified products containing paraquat and their subsequent diagnosis with Parkinson's disease.

2.      The Complaint asserts causes of action for strict liability, negligence, and breach of implied warranty of merchantability.  It also asserts a claim for punitive damages.

3.      The thrust of Plaintiffs' allegations are that by manufacturing, distributing, or selling products containing paraquat, the Defendants exposed Plaintiffs to an increased likelihood of developing Parkinson's disease, a disease that Plaintiffs were later diagnosed with.

4.      This alleged conduct purportedly harmed Plaintiffs in the form of physical pain, mental anguish, disability, medical expenses, lost wages, and lost earning capacity.

5.      Over 500 similar cases—alleging Parkinson's disease based on past exposure to paraquat—have been filed against Chevron in federal courts around the country, and consolidated into a multidistrict litigation in the Southern District of Illinois.  *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021).  That MDL is still in its early stages, with new cases regularly being transferred to it.  By filing this case in state court, Plaintiffs are seeking to avoid the MDL, which is designed to ensure the most efficient and orderly administration of a large number of cases presenting common issues of law and fact.

6.      This case is subject to removal on the grounds of diversity jurisdiction.  There is complete diversity between the parties, and the amount-in-controversy requirement is easily met for a case of this nature.   Further, while Chevron and FMC Corporation are citizens of Pennsylvania, neither Chevron nor FMC has yet been served in this action, and therefore removal is proper under Third Circuit precedent, notwithstanding the forum-defendant exception to removal.

7.      Plaintiffs' claims are also removable because they arise under federal law.  The claims are premised on the breach of duties governed by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136 *et seq*. ("FIFRA"), as regulated and enforced by the Environmental Protection Agency ("EPA").  *See, e.g.*, 7 U.S.C. § 136a (EPA must register any pesticide, including herbicides, before it is sold domestically after weighing the economic, social, and environmental benefits and costs of the product); *id*. § 136(q)(1)(F) (FIFRA empowers EPA to control warnings, directions, and packaging, and specifically mandates warnings for pesticides that are "adequate to protect health and the environment"); *id*. § 136j(a)(2)(G) (making it illegal to use any pesticide "in a manner inconsistent with its labeling"); 40 C.F.R. § 152.160 (paraquat is a "restricted use" pesticide and may only be applied by a certified "restricted use" applicator or

someone acting under a certified applicator's "direct supervision"); *id*. §§ 171.103, 171.105 (pesticide applicators are taught to read and understand warnings and instructions for paraquat and must take "[m]easures to avoid or minimize adverse health effects").

8.      Because any duties relating to paraquat arise exclusively from federal law—FIFRA and its underlying regulations—alleged violations of federal law form the basis for the underlying claims.  It would be illegal for any state to require that a paraquat label include a warning about the risk of developing Parkinson's disease because EPA has determined that no causal link exists. *See* 7 U.S.C. § 136v(b) (states are prohibited from imposing "labeling or packaging" requirements "in addition to or different from" those required under FIFRA); EPA, Paraquat Dichloride:  Interim Registration Review Decision, Case No. 0262, at 18 (July 13, 2021), *available at* https://www.regulations.gov/document/EPA-HQ-OPP-2011-0855-0307 ("[T]he weight of evidence [is] insufficient to link paraquat exposure from pesticidal use of U.S. registered products to [Parkinson's disease] in humans.").

9.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders which have been filed in the underlying matter are attached as **Exhibit A**.  A copy of the State docket, showing all filings and activity to date, is attached as **Exhibit B**.

## TIMELINESS OF REMOVAL

10.      No Defendant has been served with a copy of the Complaint filed in Philadelphia County.  Defendants have not otherwise responded to the Complaint in state court.  Accordingly, this notice of removal is timely.  *See, e.g.*, 28 U.S.C. § 1446(b) (notice of removal must be filed within 30 days of defendants being served); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint); *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir.

2018) (explaining process for "snap removal," where at-home defendants can remove actions to federal court based on diversity jurisdiction if they have not been properly served).

### PROPRIETY OF VENUE

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the Court of Common Pleas of Philadelphia County, where the state court action was pending prior to removal, is a state court within this federal district and division.

### BASIS OF REMOVAL

#### Diversity Jurisdiction

12.     Removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

13.     Plaintiffs are citizens of Maryland, Michigan, Tennessee, Missouri, North Carolina, and Mississippi.  *See* Compl. ¶ 64 (Koontz), ¶ 81 (Pierce), ¶ 98 (Welsh), ¶ 115 (Baxter), ¶ 132 (Hoffman), ¶ 149 (Hoots), ¶ 166 (Wade), ¶ 182 (Carpenter).

14.     Syngenta Crop Protection LLC operates its headquarters in Greensboro, North Carolina.  But an LLC is a citizen of the State in which its members reside, not the State where its principal place of business is located*, Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 701 (4th Cir. 2010), and, where applicable, a court must "trace [an LLC's] citizenship through multiple layers of ownership," *Hawkins v. i-TV Digitalis Tavkozlesi zrt. et al.*, 935 F.3d 211, 223 (4th Cir. 2019).  Syngenta's sole member is Syngenta Seeds, LLC, which is headquartered in Downers Grove, Illinois.  The sole member of Syngenta Seeds, LLC is Syngenta Corporation, which is incorporated and headquartered in Delaware.  Syngenta Crop Protection LLC is therefore a citizen only of the state of Delaware.

15.     Chevron is headquartered in California and incorporated in Pennsylvania, and it is thus a resident of those two states.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

-4-

16.     FMC Corporation is incorporated and headquartered in Pennsylvania, and it is thus a citizen of that state. *See id*.

17.     Therefore, complete diversity exists among the parties.

18.     The amount in controversy also exceeds $75,000.  A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

19.     The amount in controversy is met because Plaintiffs seek substantial monetary damages for physical pain, mental anguish, disability, past medical expenses, future medical expenses, lost wages, and lost future earning capacity.  Plaintiffs further seek treble damages, punitive damages, costs, and "disgorgement of profits."  Compl. p. 41.  The costs of Plaintiffs' medical treatment alone could exceed $75,000.  *See* Matthew Gavidia, "Study Details Economic Burden of Parkinson's Disease in the United States," (June 3, 2020), https://www.ajmc.com/view/study-details-economic-burden-of-parkinson-disease-in-the-united-states.

20.     The forum-defendant exception to removal based on diversity of citizenship stated in 28 U.S.C. § 1441(b)(2) does not apply because Chevron has not yet been served in this action. *See Encompass Ins.*, 902 F.3d at 152.

## Federal Question Jurisdiction

21.     Removal is proper in the alternative pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiffs' claims present a substantial federal question.

22.     The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

23.     The well-pleaded complaint rule governs whether a case arises under federal law for purposes of § 1331.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).  But the artful-pleading doctrine "empowers courts to look beneath the face of the

complaint to divine the underlying nature of a claim." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997). "[A] plaintiff may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum." *Id.*

24.     Even when state law creates the causes of action, a complaint may raise a substantial question of federal law if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)); *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) ("Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law.").

A.     **Plaintiffs' Claims Implicate a Federal Issue That Is Necessarily Raised, Actually Disputed, Substantial, and Capable of Resolution in Federal Court.**

25.     "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313–14).

26.     Where, as here, purported state law claims are premised on violations of duties governed by a federal statute, these requirements are satisfied and a federal court has jurisdiction over those claims. *See Bd. of Comm'rs of Se. La. Flood Protection Auth.-East v. Tenn. Gas*

*Pipeline Co.*, 850 F.3d 714, 722–23 (5th Cir. 2017) (concluding that federal question jurisdiction exists because claims were premised on failure to satisfy standard of care established in federal statute); *see also Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020) (concluding a federal question was raised where "Plaintiffs' dependence on federal law permeates the allegations such that the [claims purportedly brought under state law] cannot be adjudicated without reliance on and explication of federal law").

27.     As set forth below, all four requirements for federal jurisdiction over Plaintiffs' claims are satisfied.

28.     Although Plaintiffs couch their claims as violations of "state law," they base their underlying theory of liability on alleged violations of federal law or alleged duties arising out of federal law, specifically FIFRA.  Compl. ¶¶ 45–55.

29.     FIFRA and its implementing regulations are the exclusive source of the asserted legal duties regarding the labeling, handling, and use of paraquat.  *See, e.g.*, 7 U.S.C. § 136(q)(1)(F) (FIFRA empowers EPA to control warnings, directions, and packaging, and mandates warnings that are "adequate to protect health and the environment"); *id*. § 136j(a)(2)(G) (it is illegal to use any pesticide "in a manner inconsistent with its labeling").  Indeed, states are *prohibited* from imposing "labeling or packaging" requirements "in addition to or different from" those required under federal law.  *Id*. § 136v(b); *see also Nat'l Meat Ass'n v. Harris*, 565 U.S. 452, 459–60 (2012) (such language "sweeps widely—and in so doing … prevents a State from imposing any additional or different—even if non-conflicting—requirements that fall within the scope of the" federal law).  Accordingly, Plaintiffs' claims are necessarily governed by the federal requirements under FIFRA and require interpretation of that statute, as any additional or different duties would be preempted.

30.     Plaintiffs' theories of liability, as pleaded in the Complaint, are thus predicated on allegations that they breached alleged duties owed under FIFRA regarding the distribution and sale of paraquat.   Plaintiffs assert, *inter alia,* that Defendants should have included additional or different information on the labels for paraquat products even though the information on those labels is directly approved by the EPA and federal law prohibits any state law from imposing different requirements.

31.     The federal question presented by Plaintiffs' claims therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258.

32.     *First*, Plaintiffs' claims necessarily require resolution of a federal question—i.e., what obligations and duties did Defendants have under FIFRA to warn about a hypothesized connection between paraquat and Parkinson's disease.

33.     *Second*, this federal issue is "actually disputed" because the parties disagree as to the existence and scope of the alleged duties arising under FIFRA.   Specifically, the parties dispute whether Defendants had an obligation to warn about, or protect the public from, the alleged association between paraquat and Parkinson's disease, despite the fact that the EPA—the expert agency with regard to all pesticides—has concluded that no such connection exists.

34.     *Third*, the federal issue presented by Plaintiffs' claim is "substantial."  *Gunn*, 568 U.S. at 258.  Congress recognized the importance of a nationwide approach to the EPA's regulation of pesticides when it enacted FIFRA.  *See Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1205–06 (9th Cir. 2002) ("Congress has afforded the EPA substantial enforcement powers under FIFRA").  FIFRA recognizes the uniquely federal interest in regulating pesticides across the nation and expressly precludes states from doing so.  *See* 7 U.S.C. § 136v(b) (states are prohibited from

-8-

imposing "labeling or packaging" requirements "in addition to or different from" those required under FIFRA); *see also Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005) (creating a two-part test for analyzing preemption under FIFRA).

35.     Removal is especially appropriate here because Plaintiffs' action is one of hundreds of similar actions nationwide, over 500 of which are pending in the Paraquat MDL in the Southern District of Illinois.  *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021).

36.     ***Fourth***, and finally, the federal issue also is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258. Indeed, federal courts are afforded exclusive jurisdiction to hear challenges to the EPA's authority to enforce FIFRA.  *See* 7 U.S.C. § 136n.  Litigating this case in a state court runs the risk of the state court applying federal requirements in a manner either in tension or in conflict with the way the federal agency tasked with enforcing FIFRA—the EPA—applies them.  Federal jurisdiction is therefore properly exercised to resolve "disputed issues of federal law" under FIFRA.

      **B.     The Court Can Exercise Supplemental Jurisdiction.**

37.     If the Court determines that some, but not all, of Plaintiffs' claims implicate a substantial federal question, the Court can evaluate whether to retain the nonfederal claims under the doctrine of supplemental jurisdiction, which grants jurisdiction over state claims forming part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).

38.     It is not necessary to establish that *all* of Plaintiffs' causes of action raise a federal question to establish federal jurisdiction.  Even if Plaintiffs could prove one or more of those counts without establishing a violation of federal law, "[n]othing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'"  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997).

39.     Because the Court has original jurisdiction over at least some counts against Defendants, it has supplemental jurisdiction over Plaintiffs' remaining counts against the Defendants, which are so related that they form part of the same case or controversy.

## OTHER REMOVAL ITEMS

40.     All Defendants consent to removal, as indicated by **Exhibit C**.

41.     By filing this Notice of Removal, Chevron reserves, and does not waive, any and all defenses that may be available, including those related to personal jurisdiction and service of process.  If any question arises as to the propriety of removal to this Court, Chevron requests the opportunity to submit briefs in support of its position that this case has been properly removed.

42.     Pursuant to 28 U.S.C. § 1446(d), Chevron is contemporaneously filing a Notice of Removal with the clerk of the state court where the lawsuit has been pending and serves notice of the filing of this Notice of Removal on Plaintiffs.

WHEREFORE, Chevron removes this action, now pending in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Case ID No. 220102344, to this Court.

January 28, 2022                              Respectfully submitted,

                                             */s/ Kimberly A. Brown*
                                             Kimberly A. Brown (PA ID No. 56200)
                                             JONES DAY
                                             500 Grant Street, Suite 4500
                                             Pittsburgh, PA 15219-2514
                                             (412) 394-7995
                                             kabrown@jonesday.com

                                             Leon F. DeJulius, Jr. (PA ID No. 90383)
                                             JONES DAY
                                             250 Vesey Street
                                             New York, NY 10281
                                             (212) 326-3939
                                             lfdejulius@jonesday.com

Magda Patitsas (PA ID No. 318476)
HUSCH BLACKWELL LLP
514 Margo Road
P.O. Box 595
Enola, PA  17025
(814) 826-3930
Magda.Patitsas@huschblackwell.com

*Counsel for Chevron U.S.A. Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court, and that a copy of the foregoing is being furnished by U.S. Mail and e-mail to counsel for Plaintiff, at the following addresses:

<u>E-Mail</u>
shansel@motleyrice.com
ffitzpatrick@motleyrice.com

<u>Mail</u>
**MOTLEY RICE LLC**
Attn: Sarah T. Hansel
210 Lake Drive East, Suite 101
Cherry Hill, NJ  080020

**MOTLEY RICE LLC**
Attn:  Fidelma Fitzpatrick
55 Cedar Street, Suite 100
Providence, RI  02903

*/s/ Kimberly A. Brown*
Kimberly A. Brown (PA ID No. 56200)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
(412) 394-7995
kabrown@jonesday.com

*Counsel for Chevron U.S.A. Inc.*